FIFIELD v. CHICK ET AL.

1. **Jury**: SPECIAL TERM: CHANGE OF STATUTE. That the number of jurors directed to be summoned for a special term was the same as the number provided for in such a case by the Revision, does not imply that the order was a nullity respecting the number, and that the taking effect of the Code before the term would render a panel of twenty-four necessary.

2. **Repeal of statute**: EFFECT OF. An act done, right accruing or accrued, or suit or proceeding commenced before the repeal of a statute, is not affected thereby.

*Appeal from Mahaska District Court.*

SATURDAY, OCTOBER 23.

ACTION by ordinary proceedings to recover for seventy-two hogs, sold and delivered by plaintiff to defendants. The defendants denied their liability, and averred that as agents for G. B. Smith & Co. they purchased the hogs, and not on their own account. After having submitted the cause for trial to two successive juries, who failed to agree, at the August term, 1873, a special term for the trial of all causes on the docket undisposed of was ordered for December 15th following. At such special term the cause was tried to a jury, who found a verdict for the plaintiff for the value of the hogs as claimed, $947.83, and judgment was rendered thereon. The defendants appeal.

*John F. Lacey* and *Lafferty & Johnson*, for appellants.

*Crookham & Gleason* and *Seevers & Cutts*, for appellee.

COLE, J.—Counsel for appellants make but one point in their argument for us to determine, and that is in respect to the jury. The order for the special term was made in August, 1873, and while the Revision was in force. It was made in accordance with the Revision, Secs. 2656 and 2658, and is as follows: " Ordered that a special term of this court be held, commencing on the third Monday in December, 1873, for the

trial of all civil causes which were on the calendar for the present term, and not disposed of, at which time there shall be summoned a panel of fifteen petit jurors; no grand jury will be summoned, and no criminal cases tried, and no new cases commenced for said term." At that time the statutes provided (Rev. of 1860, Sec. 2732, as amended by Sec. 7, Ch. 167, Laws 1870,) that " the number of petit jurors shall be fifteen, unless the judge of the District or Circuit Court shall, for the court over which he presides, in writing direct the county auditor to select a greater number." * * * The Code of 1873, which took effect September first of that year, and was in force at the time of the trial, provided, section 231, that " in counties containing less than fifteen thousand inhabitants, as shown by the last preceeding census, the trial jurors shall consist of fifteen, unless the judge otherwise orders; but in counties containing a greater number of inhabitants, the number of trial jurors shall be twenty-four." Mahaska county has over twenty thousand inhabitants.

The precise point made by counsel, as we understand it, is that, since the statute itself, at the time the order for the special term was made, provided for fifteen jurors, unless otherwise directed, the order to summon fifteen jurors was a nullity, as such, and that number was inserted by the statute, and when the old statute ceased to operate and the new took effect, that it changed the terms of the order so as to conform it to the new law requiring twenty-four jurors. In other words, since the order was the same as the statute, a change of the statute changed the order.

In our view, the order to summon fifteen jurors had the force and effect of an order, regardless of the statute. The question was presented to the court to adjudicate and determine whether the number should be fifteen or more, and if the court had determined the number should be eighteen, then, it is conceded, the order would control the statute. The order would control the statute in such case, because it is an order or adjudication, and not because it was different from the statute. So, when it conforms to the number specified by statute, it involves the fact of adjudication, and determines

that the number shall be fifteen, and also that the number shall not be greater. The order controls and not the statute, because it is greater, for that it determines both these propositions, while the statute fixes but one. The change of the statute did not, therefore, change the order.

By the Code of 1873, Sec. 50, it is enacted that " this repeal of existing statutes shall not affect any *act·done,* any right accruing or which has accrued, or been established, nor any suit or proceeding had or commenced in any civil cause before the time when such repeal takes effect." * * * * The order for a special term was an act done, and was not, therefore, affected by the repeal of the statute, and the court did not err in requiring the trial to proceed with the fifteen jurors, summoned under the order.

AFFIRMED.